PEOPLE, PLAINTIFF AND APPELLEE, *v.* SOUTH ATLANTIC FRUIT COMPANY, DEFENDANT AND APPELLANT.

APPEAL from the District Court of San Juan, Section 2, in a Prosecution for Violation of Section 353 of the Political Code.

No. 1144.—Decided July 24, 1917.

CORPORATION—DOING BUSINESS—LICENSE—INFORMATION.—The whole theory of section 353 of the Political Code is the doing of business in Porto Rico and, therefore, an information charging only that a corporation failed to pay into the Treasury of Porto Rico the annual license fee for a particular fiscal year, without alleging that it did business in Porto Rico during that year, charges no crime.

ID.—ID.—RENTS—PASTURING CATTLE.—The mere receipt of rents by a corporation for pasturing cattle does not constitute the doing of business in Porto Rico, unless it is first shown that pasturing cattle is a part of the particular business of the corporation.

ID.—AGENT.—The mere uncorroborated statement of a person that he is the agent of a corporation is not sufficient to bind the corporation, especially in a criminal case.

The facts are stated in the opinion.

*Mr. Oscar B. Fraser* for the appellant.

*Mr. Salvador Mestre, fiscal,* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

The information charged a violation of paragraph 3 of section 353 of the Political Code, in connection with paragraphs 2, 4 and 6 of the same section, in substance, that The South Atlantic Fruit Company, licensed by the Treasurer of Porto Rico to do business in Porto Rico, voluntarily, mali-

ciously and without legal excuse failed to pay into the Treasury of Porto Rico the sum of twenty-five dollars which it owed for the fiscal year 1915–16 as an indispensable requisite for the transaction of business in the Island of Porto Rico. There was no averment that the defendant was doing business in the island for the fiscal year 1915–16, nor yet that it intended or proposed or purported to do business for that year. After plea, trial and conviction defendant appealed. The pertinent paragraphs of the law are as follows:

"Section 353.—(As amended by Act of March 10, 1904, p. 181.) (Paragraph 1.) Every corporation, joint-stock or limited-liability company or association heretofore chartered or incorporated under the laws of Porto Rico, and every such association, corporation or company hereafter chartered or incorporated in Porto Rico, before proceeding to transact business, shall file with the Treasurer of Porto Rico an authenticated copy of its charter or articles of incorporation, together with a statement, verified by the oath of the president of such corporation and attested by a majority of its administration or board of directors, stating the name or title of such corporation, its domicile, the kind of business engaged in, the branches which may have been established, and the commercial registry in which the articles of association or incorporation have been recorded.

"(Paragraph 2.) (As amended by Act No. 11, of March 6, 1913, p. 55.) It shall be unlawful for any corporation, joint-stock or limited-liability company or association not incorporated under the laws of Porto Rico, except associations not for pecuniary profit, to do business therein until such corporation, company or association shall have secured from the Treasurer of Porto Rico a formal license to transact business therein; and no such license shall be issued by said Treasurer until such corporation, company or association shall have paid the license fee hereinafter specified and shall have deposited with said Treasurer a certificate under seal from the Secretary of Porto Rico showing that it has filed in the office of the Secretary an authentic copy of its charter and the statement and certificate of consent required by law; *Provided,* That a foreign corporation can only transact such business or exercise such powers as a domestic corporation of like character transacts or exercises in Porto Rico, and to such extent as the latter may be authorized under the local laws, and the license issued by the Treasurer

of Porto Rico shall set forth this restriction in the context thereof; *And provided, further,* That it shall be the duty of the Treasurer of Porto Rico to report to the Attorney General, for proper action under the provisions of section 40 of the Private Corporations Act, any foreign corporation which is doing business in Porto Rico without having complied with the requirements prescribed by the local laws and secured from him a license. For such a purpose, the Treasurer shall take such action as may be necessary to secure information in every case. in which a foreign corporation is doing business in this Island without the legal authorization so to do.

"(Paragraph 3.) It shall be the duty of such corporations, companies or associations to renew their license annually, on or before the first day of July of each year, including the first day of July, nineteen hundred and one; but no such renewal shall be issued by the Treasurer until such companies, corporations or associations shall have respectively paid the license fees hereinafter specified.

"(Paragraph 4.) For the issue and renewal of every license issued under the provisions of this section, the sum of twenty-five dollars shall be paid into the Treasury of Porto Rico.

\*         \*         \*         \*         \*         \*         \*

"(Paragraph 6.) The Treasurer shall report all violations of this section to the prosecuting attorney of the proper court, who shall at once proceed to prosecute the corporation, company, association, officer or agent so violating the same; and, upon conviction thereof, such company, its officers or agents, shall forfeit to The People of Porto Rico the sum of four hundred dollars for any such violation."

There is probably merit in the appellant's argument that the foregoing paragraph has been repealed by section 40 of the Corporations Law, as amended by the Act of April 13, 1916, page 81, as follows:

"Section 40.—That any joint-stock company or foreign corporation doing business in this Island without having previously complied with the requisites of this chapter, and the personal representatives thereof in Porto Rico shall be guilty of a misdemeanor and shall be punished by a fine of not less than twenty-five dollars for each day that such joint-stock company or foreign corporation or its personal representatives have allowed to pass without complying with such requisites.

"The Attorney General shall see that the provisions of this sec-

tion are fully complied with and that the fines collected are, turned into the Insular Treasury."

The parties have discussed the point rather summarily and we are not satisfied, nominally at least, to reverse the case on this ground. There is no citation of authority to sustain the point that a penal statute should characterize a crime as a felony or a misdemeanor. The appellant mentions the necessity for such a characterization to maintain that said paragraph 3 charges no crime, or, if it does, that it is repealed by said section 40 of the Corporations Law. Nor is there any full discussion by the *fiscal* of whether these two statutes charge the same crime. He does maintain that the conviction here sought is not for doing business without a license, but for failing to take out a license to do such business, a very subtle distinction.

The appellant alleges that it cannot be convicted without both an averment and proof that it is doing business without a license. In form section 353, paragraph 3, requires a corporation to renew its license from year to year. If taken literally, it would mean that a corporation must renew its license from year to year no matter whether it continued to do business or not; that is to say, that a corporation once licensed is bound to pay twenty-five dollars a year indefinitely.

We agree with appellant that the whole theory of section 353 of the Political Code is the doing of business in Porto Rico. More especially we think the words "such corporations" in paragraph 3, *supra,* refer to corporations doing business. We agree with the appellant that the information states no crime.

We likewise agree with the appellant that the mere receipt of rents for the pasture of cattle does not constitute the doing of business, unless it is first shown that pasturing is a part of the particular business of the defendant.

We are also inclined to think that the Government failed to show that The South Atlantic Fruit Company was doing

any kind of business. On a particular property cattle were permitted to graze at so much a head and W. F. Draper, an alleged agent of the company, admitted as much. But his agency was not proved. His mere declaration of agency was not sufficient to bind the defendant, especially in a criminal case. The articles of incorporation showed that not Draper but somebody else was the person authorized to receive process.

There were other matters discussed by the parties which it is unnecessary to consider.

The judgment must be reversed and the defendant discharged.

*Reversed.*

Chief Justice Hernández and Justices del Toro, Aldrey and Hutchison concurred.